UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7977-DMG (JPRx)** | Date | December 4, 2019 |
|---|---|---|---|
| Title | *Karen Barnes v. Costco Wholesale Corp., et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [10]**

## I.
## BACKGROUND

Plaintiff Karen Barnes parked her car at a gas station owned by Defendant Costco Wholesale Corporation on April 18, 2017. Complaint [Doc. # 1-1] at ¶ 10. She alleges in her Complaint that, as she got out of her car and walked towards her car's fuel tank, she slipped on a pool of gasoline "that could not be seen by the naked eye" and fell. *Id.* A man came to help Plaintiff and "informed a Costco employee of the incident." *Id.* The employee told Plaintiff that "prior to the incident, [he] had been informed of the spilled gasoline but had no time to get it cleaned up." *Id.* Plaintiff claims that she "suffered serious injuries and damages" as a result of her fall. *Id.*

She filed this suit on April 19, 2019 in Ventura County Superior Court against Costco and the employee, whom she identified as a "Doe Employee." *See id.* The Complaint alleges that, while Costco is a corporate citizen of Washington, both she and the Doe Employee are "residents of this judicial district."[1] *Id.* at ¶¶ 1-3.

Costco removed the action to this Court on September 13, 2019. Notice of Removal [Doc. # 1]. The Notice of Removal claims that the Court has diversity jurisdiction over the action because Plaintiff and Costco are diverse and Plaintiff's statement of damages indicates that she seeks over $575,000 in general damages, past medical expenses, and other costs. Notice of Removal at ¶¶ 5-8. Plaintiff now moves to remand the action to Ventura County Superior Court. Motion to Remand ("MTR") [Doc. # 10.] The MTR is fully briefed. [Doc. ## 13 ("Opp."), 15 ("Reply").]

---

[1] Given that Plaintiff filed this action in Ventura County Superior Court, the Court understands these allegations to mean that both she and the employee reside in Ventura County, California.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7977-DMG (JPRx)** | Date | December 4, 2019 |
|---|---|---|---|
| Title | *Karen Barnes v. Costco Wholesale Corp., et al.* | Page | 2 of 4 |

## II.
## LEGAL STANDARD

Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Diversity jurisdiction under 28 U.S.C. section 1332 requires that all plaintiffs in a suit be of diverse citizenship from all defendants. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

## III.
## DISCUSSION

Plaintiff contends that the Court should remand this action because the Doe Employee's California citizenship destroys complete diversity and Plaintiff's statement of damages is insufficient, in and of itself, to establish that there is more than $75,000 in controversy. *See* MTR.

Costco argues against Plaintiff's first contention primarily by relying on the text of section 1141, which states that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Opp. at 2-3 (citing 28 U.S.C. § 1441(b)(1)). According to Costco, that language requires the Court to disregard the Doe Employee's citizenship and determine that Plaintiff and Costco are completely diverse. A review of the case law interpreting section 1441 reveals that Costco's characterization of its import is overly simplistic.

As the court in *Gardiner Family, LLC v. Crimson Resource Management Corporation* explained, the interplay of two seemingly incompatible Ninth Circuit decisions, a congressional amendment of section 1441(b)(1), and the subsequent vacatur of another series of Ninth Circuit decisions has made circuit authority governing whether courts may consider the citizenship of

fictitious defendants for removal jurisdiction purposes "unworkable and 'riddled with exceptions.'" 147 F. Supp. 3d 1029, 1035 (E.D. Cal. 2015) (citing *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir. 1987), *vacated*, 886 F.2d 1526 (9th Cir. 1989)). After an in-depth and well-reasoned analysis, the *Gardiner Family* court synthesized several of those exceptions into the following rule statement: "[t]he question . . . becomes whether the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Id.* at 1035-36. Subsequent decisions within the circuit have applied that rule in examining whether to remand cases involving non-diverse Doe Defendants. *See, e.g., Sandoval v. Republic Servs., Inc.*, 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (holding that courts should consider Doe Defendants' citizenship especially "when a named defendant knew or should have known the fictitious defendant's identity because that defendant *employed* the fictitiously named defendant."); *Collins v. Garfield Beach CVS, LLC*, 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant.") (citing *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995)); *c.f. Gardiner Family*, 147 F. Supp. 3d at 1036 (declining to consider Doe Defendant's citizenship because "the charges against the Does are so general that no clues exist as to their identity, citizenship, or relationship to the action").

Here, Plaintiff has plainly alleged a reasonable indication of the Doe Employee's identity, relationship to the action, and citizenship. *See* Compl. at ¶¶ 2-4, 10 (alleging that: (1) the Doe Employee resides in Ventura County, California; (2) the Doe Employee worked at the Costco gas station located at 2001 East Ventura Boulevard, Oxnard, California on April 18, 2017; (3) the Doe Employee would have been in charge of cleaning up gas spills; (4) and the Doe Employee allegedly contributed to Plaintiff's injuries by failing to clean up the spill on which Plaintiff slipped). Given that the Doe Employee is likely readily identifiable based on this information, the Court agrees with *Collins* that it would be "unfair" to force Plaintiff from her chosen forum into federal court by allowing Costco "to plead ignorance about the defendant-employee's identity" when it "was in a position to know that information." *Collins*, 2017 WL 2734708, at *2.

Since persuasive authority indicates that the Court may consider the Doe Employee's citizenship for purposes of diversity jurisdiction, and Plaintiff's allegations are sufficient to demonstrate that she and the Doe Employee are both California citizens, complete diversity does not exist and the Court lacks subject matter jurisdiction over this action.[2]

---

[2] Given the Court's determination that complete diversity does not exist, the Court need not address Plaintiff's argument that Defendant has not satisfied the amount in controversy requirement.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7977-DMG (JPRx)** | Date | December 4, 2019 |
|---|---|---|---|
| Title | *Karen Barnes v. Costco Wholesale Corp., et al.* | Page | 4 of 4 |

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR. The action is hereby **REMANDED** to the Ventura County Superior Court.

**IT IS SO ORDERED.**